Argued May 6, affirmed May 25, 1966

# MALCOW *v.* MALCOW
414 P. 2d 813

*Frederick Merrill,* Portland, argued the cause for appellant. On the brief were Gunther F. Krause and Krause, Lindsay & Nahstoll, Portland.

*Richard P. Noble,* Portland, argued the cause for respondent. On the brief were Frank Pozzi and Pozzi, Levin & Wilson, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Schwab, Justices.

PER CURIAM

Plaintiff husband instituted this suit for divorce. Defendant wife answered, requesting permanent separation from bed and board. At the time of their marriage husband and wife were approximately 42 and 44 years of age respectively. After nine or ten years of marriage, during which no children were born, the husband filed his first suit for divorce which was dismissed and in that proceeding the wife was awarded separation from bed and board for the period of one year. After the lapse of the separation period under the prior decree the parties never resided together again. About a year and a half after the expiration of the separation period the present suit was commenced.

Plaintiff's testimony tended to show defendant cursed, reviled and belittled him, which made him ill. Defendant denied it. Defendant's testimony indicated plaintiff was having affairs with other women. Plaintiff denied it. Defendant also contended plaintiff would not live with her. About this there was no dispute.

Plaintiff was a shoemaker, operating a business purchased for $1,300 and from which the net income

was in the neighborhood of $200 per month. Defendant was not employed because of a bad back for which she refused surgery.

The trial court awarded plaintiff a divorce, the shoe repair business, and a 1956 Lincoln automobile of doubtful value. Defendant was awarded the family home purchased for $3,500, a judgment against plaintiff for $1,000 payable at $75 per month, and $300 attorney's fees.

■ Defendant's first principal contention upon appeal is that plaintiff was not entitled to a divorce because the trial judge stated as follows: "The court finds that the fault on the part of Mrs. Malcow * * * outweighs the fault on the part of Mr. Malcow * * *." Defendant cites the law to the effect that if both are at fault neither is entitled to a divorce. *Evans v. Evans,* 176 Or 403, 417, 157 P2d 495 (1945). Though the trial judge did make the verbal statement attributed to him by defendant, after reflection he entered findings of fact that plaintiff was not at fault. Although under ORS 19.125 this court is not bound by the findings or the statements of the trial judge, we concur in these findings.

■ Examination of the testimony leads us to doubt defendant's contention that plaintiff was having affairs with other women. It is true he refused to live with defendant after the termination of the prior legal separation. However, there was ample proof that the atmosphere at home was not conducive to his return. We believe the testimony justifies the finding of the trial judge to the effect that defendant used vile language toward plaintiff which caused him to become ill and that the parties were not in pari delicto.

■ Defendant's second contention which merits consideration is that the trial court should have required

plaintiff to contribute to her support because of her inability to work. The parties were married when approaching middle age. They lived together for nine or ten years. Hospital records indicated she refused surgery for her back. Since her injury she received $100 per month for three years for taking care of an elderly lady. At the time of trial she had a roomer with a child, with whose care she assisted, and for which she received $100 per month. Undoubtedly plaintiff's earning capacity was small. Because of these considerations and because defendant received the bulk of their limited wealth plus a judgment of $1,000, we do not believe defendant was treated inequitably.

The decree of the trial court is affirmed.